IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD HORVATH,          ) | No. CV09-1202-PHX-MHB |
|                          ) | |
| Plaintiff,               ) | **ORDER** |
|                          ) | |
| vs.                      ) | |
|                          ) | |
| AMERICAN HOME MORTGAGE    ) | |
| SERVICING, INC., and JOHN DOE, ) | |
| JANE DOE, XYZ Corp owner of the ) | |
| mortgage paper,           ) | |
|                          ) | |
| Defendants.              ) | |
|                          ) | |

## OVERVIEW

This matter comes before the Court for consideration of Defendant American Home Mortgage Servicing, Inc.'s (hereinafter "AHMSI") Motion to Dismiss Plaintiff's Complaint (Doc. #4). Plaintiff Richard W. Horvath (hereinafter "Horvath") has filed a Response (Doc. #6, titled "Motion to Deny Defendant's Motion to Dismiss Plaintiff's Complaint"), and AHMSI has filed a Reply (Doc. #10.) Without seeking the Court's leave, Horvath filed a "Reply" to AHMSI's Reply, which the Court construes as a surreply. The Local Rules do not authorize filing a surreply. LRCiv 7.2 (providing for responsive and reply memoranda only); see also Productive People, LLC v. Ives Design, 2009 WL 1749751 (D.Ariz. June 18, 2009) at *3 n. 6 (granting motion to strike a surreply). Accordingly, the Court will not consider Horvath's surreply in deciding AHSMI's Motion to Dismiss.

**APPLICABLE LAW**

A complaint must contain,

"(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; . . ." Fed. R. Civ. P. 8(a).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

These pleading requirements are to be liberally construed. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002). The purpose of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." In re Marino, 37 F.3d 1354, 1357 (9th Cir. 1994) (citing Conley v. Gibson, 355 U.S. 41 (1957)). A court construing a motion to dismiss for failure to state a claim under Fed. R.Civ. P. 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984). See also Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

Though the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Weber v. Dept. of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting Twombly, 550 U.S. at 570). A court may dismiss a complaint as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." Smile Care Dental Group v. Delta Dental Plan of Claifornia, Inc., 88 F.3d 780, 783 (9th Cir. 1996) (quoting Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hall Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, material which is properly submitted

1   as part of the complaint may be considered." Id. When "matters outside the pleading are
2   presented to and not excluded by the court," a Rule 12(b)(6) motion is to "be treated as one
3   for summary judgment under Rule 56. All parties must be given reasonable opportunity to
4   present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d).

## ANALYSIS

Accepting Horvath's allegations as true, and viewing them in the light most favorable to him, Hovarth alleges that AHMSI "[has] refused to reveal to Plaintiff the name of the actual owner of [] mortgage paper." (Doc. #1, at 1.) He also alleges that AAHMSI "is a predator corporation and criminal empire," and that AMHSI "unlawfully and illegally withheld (converted) [Hovarth's] funds by placing them into a holding account." (Doc. #1, at 2.) When "AMHSI"employees became aware of the withholding of [Hovarth's] funds, and they did not follow through with making the correction they said they would, and instead threatened Plaintiff with foreclosure, this was a willful, (deliberate and intentional) act to injure the Plaintiff." (Id.) He alleges the following causes of action against AHMSI: gross negligence, gross incompetence, intentional and wrongful use of his funds, unlawful withholding of his funds, invasion of his privacy, violations of the Fair Debt Collection Practices Act, terroristic threats, harassment, breach of contract, fraud, illegal and unlawful actions, and failure to provide information requested. (Id., at 3.)

Hovarth alleges that these actions occurred between July and September, 2008, and caused him to "become violently ill and suffer acute kidney failure." (Doc. #1, at 3.) In his Prayer for Relief, Hovarth demands 10 million dollars for the physical injury, 10 million dollars for pain and suffering, statutory damages, punitive damages, costs and reasonable attorney's fees, and such other relief as is determined to be just and proper. (Id., at 4-5.) The only comprehensive facts Hovarth avers to support his allegations are listed under a section in his Complaint titled "Summary:"

> 1. May 2008 Defendants send Plaintiff an Annual Escrow Account Disclosure Statement showing a shortage of $556.58, caused by Defendant's failure to pay the proper taxes on Plaintiffs home and property.

> Plaintiff, per the instructions on Defendants Escrow Shortage Remittance form, paid the escrow shortage of $556.58, and the new mortgage payment of $497.14.
> As per Defendants Annual Escrow Account Disclosure Statement, this would be effective July 1, 2008.
> Plaintiff mailed two checks, one for the escrow shortage, and the other for the new monthly mortgage payment. The checks were sent in the same envelope certified mail, return receipt.
> Defendants signed for the checks on July 4, 2008, according to the return receipt.
>
> 2. On July 22, 2008, Plaintiff began receiving collection calls from Defendant, demanding money the Plaintiff did not owe. Defendant's calls were horrifically abusive, and Defendant's employees refused to check their records for Plaintiff's payment.
> After Defendant's employees finally checked their records, they told Plaintiff they would make the necessary correction, while another made the same promise, but instead sent Plaintiff a letter saying they would file a notice of intent to foreclose if Plaintiff did not pay the money Defendant was demanding.
>
> 3. The Defendants, abusive, harassing, and threatening calls continued through September 2008, during which period Plaintiff received two letters threatening that Defendants would file a notice of intent to foreclose.

(Doc. #1, at 4-5.)

Horvath's alleged facts are general and conclusory, and do not state a claim for any cause of action Horvath sets forth in his Complaint. Rule 8's pleading standard demands more than "an unadorned, the-defendant unlawfully-harmed-me accusation." Ashcroft v. Iqbal, —U.S.—, —, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). As set forth above, Horvath describes generally "abusive, harassing and threatening calls," and "receiving two letters threatening foreclosure." These facts are insufficient to state a claim for the following listed causes of action: gross negligence, intentional and wrongful use of funds (conversion), invasion of privacy, and fraud. Furthermore his claims of "gross incompetence," "terroristic threats," "harassment," "illegal and unlawful actions," and "failure to provide the information requested" are not recognizable, legally cognizable claims.

Furthermore, Horvath fails to state a claim against AHMSI for violation of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §§1692-1692p. The FDCPA regulates the collection of "debts" by "debt collectors" by regulating the number and types of contacts a debt collector may make with the debtor. Rowe v. Educational Credit Management Corp.,

1  559 F.3d 1028, 1031 (9th Cir. 2009).  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. §1692a(6).  It includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  (Id.)

While the Ninth Circuit has not specifically addressed the issues of whether mortgagees and their assignees are "debt collectors" and whether non-judicial foreclosure actions constitute debt collection under the FDCPA, other courts have addressed the issue.  "[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.), modified on other grounds, 761 F.2d 237 (5th Cir. 1985).  In Horvath's Complaint, he alleges that AHMSI's actions were an attempt to collect on its own mortgage account, and that AHMSI threatened a foreclosure action.  As such, Horvath fails to allege that AHMSI is a debt collector under the FDCPA, and therefore Horvath has failed to state a cause of action.

Horvath alleges many new facts in the body of his Response, and attaches exhibits in support thereof.  The Court declines to convert the instant motion into a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P.  The additional facts submitted outside of the four corners of Horvath's Complaint will not be considered.  In addition, all of Horvath's non-FDCPA cognizable claims are state-law claims.  It does not appear that any of the facts raised for the first time in Horvath's Response would, in any event, convert them into federal claims.  This Court has discretion to decline to accept jurisdiction of state-law claims, and exercises that discretion in this case.  Plaintiff's pendant state law claims are subject to dismissal at the discretion of this Court.  After federal claims are dismissed, the general rule is to dismiss state law claims if the federal claims are dismissed before trial.  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1996).  Pendant jurisdiction over state law

- 5 -

claims is based on considerations of judicial economy, convenience and fairness to litigants, so that jurisdiction may be exercised over a state law claim, if there is a relationship between it and the federal question being resolved by the court. Id., at 725-26. Consequently, there is no reason to exercise pendant jurisdiction over a case where the federal claims are dismissed at the outset of an action. Ordinarily, dismissal is "without prejudice" because it is not an adjudication of the merits of the claim. Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 182 (3rd Cir. 1999).

## ATTORNEY FEES

AHMSI asks that this Court order attorney fees pursuant to the FDCPA. (Doc. #4, at 4.) The Court has authority to award attorney fees in an action brought under the FDCPA in bad faith or for the purpose of harassment. 15 U.S.C. §§1692, 813(a)(3). In support of its argument, AHMSI points to language Horvath used in a conversation with an employee of AHMSI: "stick it up some cow's—and then –ck on his –ck." (as edited) (Doc. #9, at 7.) Horvath also points to what may be characterized as financial threats contained in correspondence AHMSI received from Horvath: "[t]he cost for you on my appeal and the resulting litigation on my suit against you will be substantial! I will, however, file a new suit for the breach of contract, and for other violation which have occurred since you came out of bankruptcy." (Id.)

Although these instances may shed some light on Horvath's temperament, and perhaps suggest a motive toward vexatious litigation, it is not enough to support a conclusion that this action was brought in bad faith or for the purpose of harassment. The Court therefore, will not award attorney fees to AHMSI at this time.

## CONCLUSION

The Court grants AHMSI's Motion to Dismiss the Complaint. Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course [] before being served with a responsive pleading[.]" Fed.R.Civ.P. 15(a)(1)(A). See also McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992) ("Before dismissing a *pro se* civil rights complaint, the district court must provide the litigant with notice of the deficiencies

and an opportunity to amend unless it is absolutely clear the deficiencies of the complaint could not be cured by amendment.") (<u>overruled on other grounds</u> by <u>WMX Technologies, Inc. V. Miller</u>, 104 F.3d 1133 (9th Cir. 1997)).  The Court cannot conclude that the Complaint could not be saved by amendment, based upon the foregoing analysis, and will dismiss the Complaint with leave to amend.

Horvath is advised that general allegations against a Defendant are insufficient to satisfy even the liberal notice pleading requirements of Rule 8.  The amended complaint must give AHSMI fair notice of what Horvath's claims are and the grounds upon which they are based.  <u>See</u> <u>Holgate v. Baldwin</u>, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for the claims and the specific legal theory supporting each claim. <u>See</u> <u>id.</u>; Fed.R.Civ.P. 8(a)(1)(2).  Horvath must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona.  Failure to comply with the rules or any Court order may result in dismissal of an action with prejudice pursuant to Rule 41(b), and subject a plaintiff to motion for attorneys' fees pursuant to Rule 54, Fed.R.Civ.P.

Accordingly,

**IT IS ORDERED**, that the Defendant AHMSI's Motion to Dismiss Complaint and Countermotion for Attorney fees (Doc. #4) is **GRANTED;** Defendant AHMSI's Countermotion for Attorney fees (Doc #4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Horvath has until January 7, 2010 to file an amended complaint.  The Clerk of the Court is directed to enter a judgment of dismissal without further notice to Plaintiff if Plaintiff fails to file an Amended Complaint within 30 days.

///
///
///
///
///

**IT IS FURTHER ORDERED** that Plaintiff shall effect service of the Amended Complaint and Summons upon Defendant no later than 14 days after the filing of the Amended Complaint.

DATED this 10th day of December, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge